# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER A. HAHN, JR., | ) | |
| | ) | Civil Action No. 15 – 1077 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| ROBERT GILMORE and | ) | |
| KATHLEEN KANE, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## **MEMORANDUM OPINION**

Pending before the Court is a Petition for Writ of Habeas Corpus filed by state prisoner Christopher A. Hahn, Jr. ("Petitioner"). (ECF No. 6.) For the following reasons, the Petition will be dismissed.

### A. **Background**

Petitioner is currently serving a sentence of not less than two-and-one-half nor more than seven years upon conviction of Receiving Stolen Property. (Resp't Ex. A; ECF No. 15-1 at pp.2-4.) This sentence was imposed on April 2, 2012, at Criminal Information No. 50 of 2012, in the Court of Common Pleas of Adams County, Pennsylvania. Id. With appropriate credit for all time served, this sentence has an effective date of January 4, 2012, with a minimum date of July 4, 2013, and a maximum date of January 4, 2019. Id. As a result of two probation revocations on unrelated prior convictions, Petitioner's sentence at No. 50 of 2012 was aggregated with the sentenced on the two other cases. This resulted in an aggregated sentence with a controlling minimum date of October 26, 2014, and a controlling maximum date of January 4, 2019. Id.

1

Petitioner was notified by the Pennsylvania Board of Probation and Parole ("the Board") on September 24, 2014, that he would be "paroled on or after 10/26/2014 upon completion of sex offender program to an approved plan." (Resp't Ex. B; ECF No. 15-1 at pp.6-8.) Petitioner has not yet been released on parole and is currently severing his sentence.

### B. Discussion

In his Petition for Writ of Habeas Corpus, Petitioner alleges that the Department of Corrections has interfered with his ability to be paroled by placing him in the Restricted Housing Unit because he would not comply with their demands of extortion and by removing him from the mandated programming he needed to satisfy the Board. For the reasons stated herein, the Petition will be dismissed because it fails to assert a claim that is cognizable under habeas corpus.

It is well settled that relief requested through a writ of habeas corpus is limited. *See e.g.*, Learner v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); *see also* 28 U.S.C. § 2254(a) (providing that federal habeas jurisdiction permits the entertaining of "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). On the other hand, a Section 1983 civil rights action is the proper remedy for a prisoner who is seeking redress for a purported constitutional violation related to prison conditions. Preiser, 411 U.S. at 499. The Court of Appeals for the Third Circuit has explained that:

whenever the challenge ultimately attacks the "core of habeas" – the validity of the continued conviction or the fact or length of the sentence – a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Learner, 288 F.3d at 542.

Here, a ruling in Petitioner's favor would not change either the fact or duration of his conviction.[1] Instead, Petitioner's challenge is related to the conditions of his confinement, and his remedy lies in a civil rights suit under 42 U.S.C. § 1983. Clearly, "no matter what the outcome of [Petitioner's] habeas petition, neither the fact nor the length of his incarceration will be affected." Bronson v. Demming, 56 F. App'x 551, 553-54 (3d Cir. 2002). Consequently, relief is unavailable to Petitioner and his federal habeas petition will be dismissed for failing to raise a cognizable claim.[2]

### C. Certificate of Appealability

A certificate of appealability will be denied because jurists of reason would not find it debatable whether Petitioner has stated a cognizable federal habeas claim. *See e.g.*, Slack v.

---

[1] Petitioner is not challenging the validity of his continued conviction or the fact or length of his sentence. He is instead complaining that various prison officials have interfered with his ability to complete mandated programming necessary to a favorable parole release decision by the Board. A ruling in his favor would not grant him parole, to which he has no right, and a favorable determination would not "necessarily imply" that he would serve a shorter sentence. *See* McGee v. Martinez, 627 F.3d 933, 935-56 (3d Cir. 2010). Rather, if successful, Petitioner might be able to appear before the Parole Board, however, it would not change the fact, duration or execution of his sentence. Id.

[2] There is some precedent in the Third Circuit for allowing a federal prisoner to challenge the conditions of his confinement under the habeas corpus statutes. *See* Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2006). That precedent, however, applies only to federal prisoners and Petitioner is a state prisoner. *See* Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001).

McDaniel, 529 U.S. 473, 484 (2000) (explaining standard for grant of certificate of appealability where court does not address petition on the merits but on some procedural basis).

Dated: May 13, 2016.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Christopher A. Hahn, Jr.
KM-9636
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

Counsel of record
*Via CM/ECF electronic mail*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER A. HAHN, JR., ) | |
| ) | Civil Action No. 15 – 1077 |
| Petitioner, ) | |
| ) | |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| ROBERT GILMORE and ) | |
| KATHLEEN KANE, ) | |
| ) | |
| Respondents. ) | |

## ORDER

**AND NOW**, this 13th day of May, 2016, and in accordance with the Court's Memorandum Opinion,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 6) is dismissed.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is denied.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case closed.

**AND IT IS FURTHER ORDERED** that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Petitioner wishes to appeal from this Order a notice of appeal, as provided in Fed. R. App. P. 3, must be filed with the Clerk of Court, United States District Court, at 700 Grant Street, Room 3110, Pittsburgh, PA 15219, within thirty (30) days.

Lisa Pupo Lenihan
United States Magistrate Judge